## CIRCUIT COURT OF FAIRFAX COUNTY

Vienna Properties, Inc.

v.

Harvey M. Cudd

October 24, 1990

Case No. (Law) 99787

## By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is plaintiff's motion to compel answers to discovery. Defendant opposes the motion on the ground that to compel the answers to questions regarding the existence of an oral agreement between the parties may lead to the defeat of defendant's statute of frauds defense. Plaintiff agrees it will rely on defendant's answers to satisfy the requirements imposed by the statute of frauds.

It is clear that, under Virginia law, a pleading, and other pre-trial written admissions, may satisfy the dictates of the statute of frauds. *Browder v. Mitchell*, 187 Va. 781 (1948); *Troyer v. Troyer*, 231 Va. 90 (1986); *see also* 4 Williston on Contracts, § 590, for other jurisdictions which have adopted this position.

Whether the pleading or written pre-trial admission is sufficient to satisfy the statute of frauds is, however, a mixed question of fact and law to be determined by the trier of fact. *See Troyer v. Troyer, supra* at 94; *Browder, supra* at 786.

I can find no authority which supports defendant's position that the potential adverse legal consequences of a non-privileged written pre-trial admission in a civil

case, constitutes a sufficient reason to deny a motion to compel answers to discovery.

Furthermore, in earlier pleadings, defendant has made admissions regarding the very issues raised in discovery. These admissions may be used as evidential admissions on the very issue defendant seeks to avoid addressing. *See Burch v. Grace St. Bldg. Corp.*, 168 Va. 329 (1937); Friend, Law of Evidence in Virginia, 3rd edition, § 265 at 680-681. Finally, defendant failed to timely raise objections to plaintiff's discovery, thereby waiving his objections.

For the above-stated reasons, I grant plaintiff's motion to compel. Defendant shall file his answers to discovery by November 16, 1990.